# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **MARK KEATING**<br>20686 Chestnut Drive<br>Strongsville, OH 44149<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**AT&T SERVICES, INC.**<br>**℅ CORPORATION SERVICE COMPANY,**<br>**REGISTERED AGENT**<br>105 Executive Parkway Suite 300<br>Hudson, OH 44236<br><br>and<br><br>**ENHANCED RECOVERY COMPANY,**<br>**LLC**<br>**℅ CORPORATION SERVICE COMPANY,**<br>**REGISTERED AGENT**<br>50 W. Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>　　　　Defendant(s) | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff Mark Keating ("Keating") and for his Complaint against Defendants AT&T Services, Inc. ("AT&T") and Enhanced Recovery Company, LLC ("ERC") (collectively "Defendants") state as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Mark Keating is a natural person who resides in the City of Strongsville, County of Cuyahoga, and State of Ohio.

2. Defendant AT&T Services, Inc. ("AT&T") is incorporated under the laws of the State of Delaware and maintains a principal place of business at 208 S. Akard Street, Dallas, Texas 75201.

3. Defendant Enhanced Recovery Company, LLC ("ERC") is a limited liability company incorporated under the laws of the State of Delaware that maintains its principal place of business at 8014 Bayberry Road, Jacksonville, FL 32256-7412.

4. This Court has federal question jurisdiction because this case arises out of violation of federal law specifically the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1681, *et seq*.

5. This Court has supplemental jurisdiction to hear all state law statutory and common law claims pursuant to 28 U.S.C. §1367.

6. Venue lies in this District pursuant to 28 U.S.C. §1391(b) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred, or a substantial part of property that is the subject of the action, is in this District.

**INTRODUCTION**

**FACTUAL BACKGROUND**

7. Keating restates and incorporates all of his statements and allegations contained in paragraphs 1 through 6, in their entirety, as if fully rewritten herein.

8. On or about September 30, 2018 Keating notified DirecTV that he no longer wished to have service. On October 10, 2018 DirecTV issued a billing statement to Keating notifying him the account was no longer active and he owed $22.31.

9. On the same day DirecTV generated a letter instructing Keating to return his DirecTV equipment to AT&T with a pre-paid label.

2

10. On October 25, 2018 Keating returned the DirecTV equipment to AT&T via UPS.

11. On November 3, 2018 DirecTV issued a billing statement notifying Keating his final balance was $70.91. Keating promptly paid this bill to DirecTV.

12. On March 3, 2021, ERC sent a letter to Keating stating that Keating had an unpaid balance of $171.07 due to AT&T and that ERC had been retained to collect the outstanding debt. *See Exhibit 1 - Correspondence with ERC from March 2021*

13. In this letter, ERC offered to accept $94.09, less than the amount due, to satisfy the alleged debt with AT&T.

14. When Keating received this letter, he was anxious and confused as the only contract he had with AT&T was the DirecTV account referenced in Paragraphs 6 through 9 above and based upon the October 10, 2018 billing statement and the November 3, 2018 billing statement, Keating never owed more than $70.91 to DirecTV at the time the account was closed and all equipment returned.

15. Since March 3, 2021, ERC has continued to try to contact Keating through the mail and phone to collect a debt that Keating reasonably believes is not his.

16. Due to the Defendants' conduct, Keating has suffered actual damages including derogatory credit reporting, the stress and anxiety related to the ongoing written and verbal communications from debt collectors, and the attorneys' fees and costs incurred by Keating related to the prosecution of this action.

### **COUNT ONE: VIOLATION OF THE CSPA: AGAINST BOTH DEFENDANTS (R.C. § 1345.01, *ET SEQ.*)**

17. Keating restates and incorporates all of his statements and allegations contained in Paragraphs 1 through 16, in their entirety, as if fully rewritten herein.

18. The transaction described above was a consumer transaction as that term is defined in R.C. § 1345.01(A).

19. Based on the allegations herein Defendant ERC, on behalf of Defendant AT&T, engaged in the collection of a satisfied debt which is a deceptive act under the CSPA.

20. As a consequence of Defendants' conduct, Plaintiff experienced great mental distress.

21. As a consequence of Defendants' conduct, Plaintiff is being inundated with harassing notices seeking payment for a debt that has already been satisfied.

22. As a consequence of Defendants' conduct, Plaintiff fears that his credit report will contain erroneous information and his credit score will decline.

23. Defendants' violations are known violations of the CSPA and Defendants knew or should have known that the debt in question has already been fully repaid. Therefore, Plaintiff is entitled to recover from Defendants' jointly and severally statutory damages of $200.00, non-economic damages of $5,000.00, and Plaintiff's reasonable attorney's fees and costs.

**COUNT TWO: VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692, *et seq*.: AGAINST ERC**

24. Keating restates and incorporates all of his statements and allegations contained in Paragraphs 1 through 23, in their entirety, as if fully rewritten herein.

25. Keating is a consumer as that term is defined by 15 U.S.C. § 1692a(3); and a person affected by a violation of the FDCPA, with standing to bring this claim primarily under 15 U.S.C. § 1692.

26. The debt in question is a debt Keating incurred for personal, household or family use. 15 U.S.C. § 1692a(5).

27. ERC regularly attempts to collect consumer debts alleged to be due to another. ERC is a "debt collector" as defined by FDCPA. 15 U.S.C. § 1692a(6).

28. ERC purchased the debt in question from AT&T. ERC then proceeded to attempt to collect a debt that it knew or reasonably should have known had already been paid by Keating. ERC's attempt to collect a debt that has already been paid by sending dunning notices to Keating violates 15 U.S.C. 1692e as a false, deceptive, or misleading means to collect a debt and/or 15 U.S.C. 1692f as an unconscionable means to collect a debt.

29. The actions of ERC described herein have directly caused Keating to live in constant anxiety, worry and frustration in having to deal with the consequences of having a debt that he has already paid being negatively reported on his credit.

30. As a result of the actions of ERC, ERC is liable to Keating for statutory damages of $1,000.00, actual damages in an amount to be determined and Keating's reasonable attorneys' fees and costs related to the prosecution of this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mark Keating requests that this Court enter its order granting judgment against Defendant AT&T Services, Inc. and Defendant Enhanced Recovery Company, LLC for the following:

A. For an award of actual damages for allegations contained in Counts One and Two, jointly and severally as applicable, to the Plaintiff against AT&T and/or ERC;

B. For an award of statutory damages of $200.00 to the Plaintiff against AT&T and/or ERC, jointly and severally as applicable, for the allegations contained in Count Two;

C. For an award of non-economic damages of $5,000.00 to Plaintiff against AT&T and/or ERC, jointly and severally as applicable, for the allegations contained in Count Two;

    D.    For an award of statutory damages of $1,000.00 to the Plaintiff against ERC for the allegations contained in Count Two;

    E.    For an award of Keating's reasonable attorneys' fees and costs jointly and severally, as applicable, against AT&T and/or ERC for the allegations contained in Counts One and Two; and

    F.    For all such other relief which this Court may deem appropriate.

Respectfully submitted:

/s/Brian D. Flick, Esq.
Brian D. Flick (0081605)
Marc E. Dann (0039425)
Dann Law
P.O. Box 6031040
Cleveland, OH 44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com

Alisa Adams (0098503)
Adams Law Practice
P.O. Box 1834
Cleveland, OH 44106
Phone: (216) 926-0065
alisa.adams@hotmail.com
*Counsel for Plaintiff Mark Keating*

## JURY DEMAND

Keating hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/Brian D. Flick, Esq.
Brian D. Flick (0081605)
Marc E. Dann (0039425)
Dann Law
*Counsel for Plaintiff Mark Keating*

6